1  RAYMOND H. AVER - State Bar No. 109577
   LAW OFFICES OF RAYMOND H. AVER
2  A Professional Corporation
   10801 National Boulevard, Suite 100
3  Los Angeles, California 90064
   Telephone: (310) 571-3511
4  email: ray@averlaw.com

5  Bankruptcy Litigation Counsel for
   ARA T. HARITUNIAN

6

7

8                  **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]**

10

11 **In re:**                       )   Case No. 2:17-bk-25821-BR
                                     )
12 **ARA TATAVOUS HARITUNIAN,**      )   Chapter 7
                                     )
13                                   )   Adv. No. 2:18-ap-01070-BR
                                     )
14            Debtor.                )   NOTICE OF MOTION AND MOTION OF LAW
                                     )   OFFICES OF RAYMOND H. AVER, A
15                                   )   PROFESSIONAL CORPORATION, TO
                                     )   WITHDRAW AS BANKRUPTCY LITIGATION
16 _____)      COUNSEL FOR DEFENDANT ARA T.
                                     )   HARITUNIAN; MEMORANDUM OF POINTS
17 **WFG NATIONAL TITLE INSURANCE**  )   AND AUTHORITIES; AND DECLARATION
   **COMPANY, A South Carolina**     )   OF RAYMOND H. AVER IN SUPPORT
18 **corporation,**                  )   **THEREOF**
                                     )
19            Plaintiff,             )
                                     )
20 **v.**                            )   Date:   [No Hearing Scheduled]
                                     )   Time:
21 **ARA TATAVOUS HARITUNIAN,**      )   Place:  Courtroom 1668
                                     )          United States Bankruptcy Court
22            Defendant.             )          Roybal Federal Building
                                     )          255 East Temple Street
23 _____)            Los Angeles, California 90012

24

25

26

27

28

                    *MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

1  **TO DEFENDANT ARA T. HARITUNIAN; AND ALL OTHER INTERESTED PARTIES:**

2  **PLEASE TAKE NOTICE** that Law Offices Of Raymond H. Aver, A

3  Professional Corporation ("Aver Firm"), is filing this motion with

4  the United States Bankruptcy Court for the Central District of

5  California  [Los Angeles Division] ("Bankruptcy Court") for an order

6  relieving it as bankruptcy litigation counsel for defendant Ara T.

7  Haritunian ("Defendant"), pursuant to Local Bankruptcy Rules 2091-1

8  and 9013-1(o), and in compliance with Rule 3-700 of the California

9  Rules Of Professional Responsibility ("Motion To Withdraw") on the

10 grounds that the relationship between Defendant and the Aver Firm

11 has so deteriorated that it is no longer possible for the Aver Firm

12 to effectively represent Defendant's interests.

13      This Motion To Withdraw is based upon this notice, the attached

14 memorandum of points and authorities and accompanying declaration of

15 Raymond H. Aver and the exhibits appended thereto, and the complete

16 files and records maintained by the Bankruptcy Court for the above

17 captioned adversary proceeding.

18      **PLEASE TAKE FURTHER NOTICE** that should you decide to oppose the

19 relief requested by the Motion To Withdraw, you must file and serve

20 a complete written statement of all reasons in opposition,

21 declarations and copies of all photographs and documentary evidence

22 on which you intend to rely, and any responding memorandum of points

23 and authorities and must request a hearing pursuant to Local

24 Bankruptcy Rule 9013-1(o)(1)(A) which requires that:

25          [a]ny response and request for hearing must be filed with the
            court and served on the movant and the United States Trustee
26          within 14 days after the date of service of the notice.

27

28      **WHEREFORE,** Law Offices Of Raymond H. Aver, A Professional

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Page 2

Law Offices
of Raymond
H. Aver, APC

1  Corporation, respectfully requests that the Court grant this Motion

2  To Withdraw, issue an order permitting the Aver Firm to withdraw as

3  bankruptcy litigation counsel for defendant Ara T. Haritunian, and

4  for such other and further relief as the Court deems just and

5  proper.

6

7  Dated: October 4, 2022              LAW OFFICES OF RAYMOND H. AVER
                                       A Professional Corporation
8

9

10                                     By:_____
                                           RAYMOND H. AVER
11                                     Bankruptcy Litigation Counsel for
                                       ARA T. HARITUNIAN, Defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

I.

4

## INTRODUCTION

5      The relationship between defendant Ara T. Haritunian

6 ("Defendant" or "Haritunian") and Law Offices Of Raymond H. Aver, A

7 Professional Corporation ("Aver Firm") has suffered a breakdown.

8 Matters covered by the attorney-client privilege require that the

9 Aver Firm seek to be relieved as counsel.  In order to comply with

10 its ethical obligations, and in order to avoid prejudice to

11 Defendant, the Aver Firm respectfully requests that this Court issue

12 an order permitting it to be relieved as bankruptcy litigation

13 counsel for Defendant.

14

15                                II.

16                       STATEMENT OF FACTS

17      On November 8, 2016, WFG National Title Insurance Company

18 ("WFG") caused to be filed the "Complaint For: 1) Violation Of Rico

19 - 18 U.S.C. §§1961(5), 1962(B); 2) Violation Of Rico - 18 U.S.C.

20 §§1961(5), 1962(C); 3) Violation Of Rico - 18 U.S.C. §§1961(5),

21 1962(D); 4) Conversion; 5) Claim And Delivery; 6) Fraud-Intentional

22 Misrepresentation; 7) Conspiracy To Defraud; 8) Professional

23 Negligence; 9) Breach Of Fiduciary Duty; 10) Breach Of Escrow; 11)

24 Declaratory Relief; 12) Quiet Title; and 13) Professional

25 Negligence," initiating *WFG Title Insurance Company, a South*

26 *Carolina corporation, v. Dadyan et al.*, in the Superior Court Of

27 California for the County Los Angeles, Case No. BC640157 ("State

28 Court Action"). The State Court Action is currently pending.

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

On December 30, 2017, Defendant, through the Wajda Law Group APC, caused to be filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code.

On March 14, 2018, WFG caused to be filed the "Complaint To Determine Non-Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §523A(a)(2) Of The Bankruptcy Code" ("Complaint"), initiating the instant adversary case.

On April 24, 2018, the "Notice That Clerk Has Entered Default Against Defendant(s) Under Local Bankruptcy Rule 7055-1(a)" was issued.  [Docket #6]

On April 25, 2018, Defendant retained the Aver Firm to represent him in the instant adversary proceeding.

On May 7, 2018, Defendant, through the Aver Firm, caused to be filed a "Motion To Set Aside Default" ("First Default Motion"). [Docket #9]

On May 21, 2018, WFG caused to be filed the "Stipulation To Set Aside The Default Of Ara Tatavous Haritunian." [Docket #11]

On May 22, 2018, the Court issued an "Order On Stipulation To Set Aside The Default Of Ara Tatavous Haritunian." [Docket #12]

On May 25, 2018, Defendant, through the Aver Firm, caused to be filed a "Motion To Dismiss 'Complaint To Determine Non-Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. § 523(a)(2) of The Bankruptcy Code.'" [Docket #14]

On July 24, 2018, WFG caused to be filed "Opposition To Ara Tatavous Haritunian's Motion To Dismiss Complaint To Determine Non-Dischargeability Of Debt Based Upon Fraud Under 11 U.S.C. §523A(a)(2) Of The Bankruptcy Code." [Docket #16]

On July 31, 2018, Defendant, through the Aver Firm, caused to

1   be filed a "Reply To 'Opposition To Ara Tatavous Haritunian's

2   "Motion To Dismiss 'Complaint To Determine Non-Dischargeability Of

3   Debt (1) Based Upon Fraud Under 11 U.S.C. § 523(a)(2)(A)(2) [sic] Of

4   The Bankruptcy Code.'"'" [Docket #17]

5       On October 10, 2018, the Court issued an "Order Denying Ara

6   Tatavous Haritunian's Motion To Dismiss Complaint To Determine Non-

7   Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §

8   523A(A)(2)." [Docket #20]

9       On October 18, 2018, WFG caused to be filed the "Request To

10  Enter Default Of Ara Tatavous Haritunian, An Individual." [Docket

11  #22]

12      On October 18, 2018, the "Notice That Clerk Has Entered Default

13  Against Defendant(s) Under Local Bankruptcy Rule 7055-1(a)" was

14  issued.    [Docket #25]

15      On November 1, 2018, Defendant, through the Aver Firm, caused

16  to be filed the "Motion To Set Aside Default And For Issuance Of

17  Order Of Discharge" ("Second Default Motion"). [Docket #28]

18      On December 4, 2018, WFG caused to be filed "Opposition Of

19  Plaintiff To Defendant's Motion To Set Aide Default And For Issuance

20  Of Order Of Discharge." [Docket #31]

21      On December 11, 2018, Defendant, through the Aver Firm, caused

22  to be filed the "Reply To 'Opposition Of Plaintiff To Defendant's

23  Motion To Set Aide Default And For Issuance Of Order Of Discharge.'"

24  [Docket #33]

25      On January 18, 2019, the Court issued an "Order Conditionally

26  Granting Motion To Set Aside Default And For Issuance Of Order Of

27  Discharge" ("Default Order"). [Docket #40]   Through the Default

28  Order provided that Defendant file a proposed Answer to the

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

1   Complaint, scheduling a status conference in the adversary

2   proceeding on February 26, 2019 ("First Status Conference") and

3   requiring that the parties shall file a Joint Status Report within

4   10 days of the status conference concerning the status of the State

5   Court Action.

6      On February 8, 2019, pursuant to the Default Order, Defendant,

7   through the Aver Firm, caused to be filed the "Declaration Of

8   Raymond H. Aver Re Compliance With The 'Order Conditionally Granting

9   Motion To Set Aside Default And For Issuance Of Discharge'"

10   evidencing payment from Haritunian to WFG's Counsel, Hershorin &

11   Henry, LLP ("H&H Firm") on January 7, 2019. [Docket #42]

12      On February 15, 2019, Defendant, through the Aver Firm, caused

13   to be filed the "Answer To 'Complaint To Determine Non-

14   Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §

15   523(a)(2) Of The Bankruptcy Code" ("Answer"). [Docket #43] WFG and

16   Defendant (jointly, the "Parties") submitted the "Joint Status

17   Report" ("Status Report"). [Docket #44]

18      On February 22, 2019, the Court issued an "Order Continuing

19   Status Hearing" ("Status Hearing Order"). [Docket #46] The Status

20   Hearing Order continued the First Status Conference from February

21   26, 2019, to April 30, 2019.

22      Since the First Status Conference and Status Hearing Order, the

23   Court has continued the First Status Conference and subsequent

24   status conferences because the State Court Action is still pending.

25      On June 14, 2022, Raymond H. Aver prepared and sent an email

26   Defendant informing him that a motion to withdraw would be filed

27   unless an agreement was reached regarding compensation for legal

28   services.  A true and correct copy of the email from Aver to

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

1  Haritunian is attached as **Exhibit 1** to the Declaration of Raymond H.
2  Aver ("Aver Declaration"), appended hereto.  No response to the
3  email has been received by the Aver Firm.

4      As set forth in the "Joint Status Report" filed with the Court
5  on September 13, 2022 [Docket #114], WFG reports that Defendant's
6  answer in the State Court Action has been stricken, and WFG is in
7  the process of preparing a default judgment package.  The Status
8  Conference in the adversary proceeding has been continued to
9  December 6, 2022.  See, "Order Continuing Status Hearing" [Docket
10 #116]

11

12                              III.

13                        LEGAL ANALYSIS

14 A.   Good Cause Exists For Issuance Of An Order Permitting The Aver
15      Firm To Withdraw As Defendant's Bankruptcy Counsel

16

17      1.   Compliance With Local Rules

18      Local Bankruptcy Rule 2091-1(a) authorizes and governs the
19 filing of a motion to withdraw by a law firm which has appeared on
20 behalf of an individual in any matter concerning the administration
21 of a case before the United States Bankruptcy Court for the Central
22 District of California without a substitution of attorney.  Local
23 Bankruptcy Rule 2091-1(c) requires that a law firm seeking
24 withdrawal who has appeared on behalf of an entity, as opposed to an
25 individual, in any matter concerning the administration of the case
26 must give notice of the proposed motion for leave to withdraw to the
27 debtor, the United States trustee, any case trustee, any committee
28 appointed in the case, and counsel for any of the foregoing.  As

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

1  evidenced by the Proof of Service attached to the Motion To

2  Withdraw, and although not required by the Local Rules, the Aver

3  Firm is giving notice to Defendant, the United States trustee, the

4  chapter 7 trustee, and counsel for the chapter 7 trustee, and

5  requests that it be allowed to withdraw as bankruptcy litigation

6  counsel in the instant adversary proceeding.

7

8      2.   Standards For Consideration Of A Motion To Withdraw

9      Applicable state law should be considered in ruling on an

10  attorney's request to withdraw as counsel of record for a party.

11  [*See, In re Meyers*, 120 B.R. 751, 752-53 (Bankr. S.D. N.Y. 1990)].

12  Under California Law, an attorney may withdraw as counsel of record

13  after notice:

14          The attorney in an action or special proceeding may

        be changed at any time before or after judgment or final

15          determination as follows:

16          1.   Upon the consent of both client and attorney,

              filed with the clerk, or entered upon the

17                minutes;

18          2.   Upon the order of the court, upon the

              application of either client or attorney, after

19                notice from one to the other.

20  [*Cal. Code Civ. P.* §284].

21      The decision to permit an attorney to withdraw from a case

22  rests with the sole discretion of the Court. [*People v. Prince* 268

23  Cal.App.2d 398, 406, 74 Cal.Rptr. 196, 203 (1968)].  An attorney

24  should be permitted to withdraw from a case unless a compelling

25  reason exists to force continued representation.  [*Heple v. Kluge*

26  194 Cal.App.2d 461, 462, 231 P.2d 505, 506 (1951)].  There is no

27  doctrine that an attorney must remain "on the hook" and to continue

28  to represent a client merely because he or she has commenced

representation. [*Mandell v. Superior Court* 67 Cal.App.3d 1, 4, 136 Cal.Rptr. 345, 355 (1977)]. The Court should normally grant a motion to withdraw unless it would work an injustice on a third party. [*Jones v. Green*, 74 Cal.App.2d 223, 230, 168 P.2d 418, 422 (1946); *Linn v. Superior Court*, 79 Cal.App. 721, 722, 250 P. 880, 881 (1926)].

Given the reasons for the need to seek an order permitting the Aver Firm to withdraw as Haritunian's bankruptcy litigation counsel, the Aver Firm should be permitted to withdraw, especially given that no injustice will befall any of the parties to the adversary proceeding. The Aver Firm has already requested Haritunian's consent to the Aver Firm's withdrawal as counsel; however, Haritunian has indicated by his silence an unwillingness to consent.

### 3.   Compliance With The Rules Of Professional Conduct

Rule 3-700 of the California Rules of Professional Conduct governs termination of employment. Rule 3-700(A)(2) provides that:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

As set forth in the Aver Declaration, the Aver Firm has taken all reasonable steps to avoid reasonably foreseeable prejudice to Haritunian's rights, including having purposefully prosecuted to successful conclusion the First Default Motion and Second Default Motion, and filing the Answer, Status Report and subsequent status reports.

As set forth in Rule 3-700(C)(1), cause exists for the Aver

Law Offices
of Raymond
H. Aver, APC

1    Firm to withdraw because Haritunian, by his conduct, has rendered it
2    unreasonably difficult for the Aver Firm to carry out the employment
3    effectively.  Although the Aver Firm cannot reveal – because of
4    ethical considerations - the details of Haritunian's conduct in this
5    Court filing, the Aver Firm would be willing to describe such
6    details to the Court in an *in camera* hearing.  Additionally, as set
7    forth in Rule 3-700(C)(1), cause also exists for the Aver Firm to
8    withdraw because Haritunian is unable to meet his financial
9    obligations to the Aver Firm and is not even able to reimburse the
10   Aver Firm the $1,875.00 the court directed Haritunian to pay WFG's
11   counsel, H&H Firm, pursuant to the Default Order.  Haritunian has
12   also failed to consult or inform the Aver Firm of pertinent
13   information regarding the State Court Action.

14        Based on the foregoing, the Aver Firm has met all of the
15   criteria for permissive withdrawal under the California Rules of
16   Professional Conduct.  Accordingly, circumstances exists to justify
17   the Aver Firm's withdrawal as bankruptcy litigation counsel for Ara
18   T. Haritunian in the instant adversary proceeding.

19

20                              III.

21                           CONCLUSION

22        Based upon the facts and circumstances set forth above, and as
23   supported by the foregoing authorities, the Aver Firm submits that
24   it is in the best interest of all parties that the Aver Firm be
25   granted authorization to withdraw as defendant Ara T. Haritunian's
26   ///
27   ///
28

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

1 │ bankruptcy litigation counsel, effective immediately.

2

3 │ Dated:   October 4, 2022          LAW OFFICES OF RAYMOND H. AVER
                                      A Professional Corporation
4

5

6                                     By:_____
                                          RAYMOND H. AVER
7                                     Bankruptcy Litigation Counsel for
                                      ARA T. HARITUNIAN, Defendant
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC

**DECLARATION OF RAYMOND H. AVER**

I, RAYMOND H. AVER, declare:

1.  I am an attorney at law duly admitted to practice in the State of California and, *inter alia*, before the United States District Court for the Central District of California.  I am an employee of the Law Offices of Raymond H. Aver, A Professional Corporation ("Aver Firm"), bankruptcy litigation counsel for Ara Tatavous Haritunian ("Defendant" or "Haritunian"), the defendant in the adversary proceeding of *WFG National Title Insurance Company, a South Carolina corporation v. Ara Tatavous Haritunian*, Adversary No. 2:18-ap-01070-BR.

2.  In making this declaration, I have reviewed various pleadings and papers to refresh my recollection of some the events that are recounted in this declaration.  The pleadings and papers constitute business records of the Aver Firm.  They were made or retained at or near the time by, or from documents and information transmitted by, someone with knowledge.  They were kept by the Aver Firm in the course of regularly conducted activity of the Aver Firm's business, and the making or retention of the pleadings and papers was a regular practice of the Aver Firm.

3.  On April 25, 2018, Defendant retained the Aver Firm to represent him in the instant adversary proceeding.

4.  On May 7, 2018, Defendant, through the Aver Firm, caused to be filed the "Motion To Set Aside Default" ("First Default Motion").  [Docket #9]

5.  On May 22, 2018, the Court issued an "Order On Stipulation To Set Aside The Default Of Ara Tatavous Haritunian."

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

1  [Docket #12]

2  6.   On May 25, 2018, Defendant, through the Aver Firm, caused
3  to be filed a "Motion To Dismiss 'Complaint To Determine Non-
4  Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §
5  523(a)(2) of The Bankruptcy Code.'" [Docket #14]

6  7.   On July 31, 2018, Defendant, through the Aver Firm, caused
7  to be filed a "Reply To 'Opposition To Ara Tatavous Haritunian's
8  "Motion To Dismiss 'Complaint To Determine Non-Dischargeability Of
9  Debt (1) Based Upon Fraud Under 11 U.S.C. § 523(a)(2)(A)(2) [sic] Of
10 The Bankruptcy Code.'"'" [Docket #17]

11 8.   On October 10, 2018, the Court issued an "Order Denying
12 Ara Tatavous Haritunian's Motion To Dismiss Complaint To Determine
13 Non-Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §
14 523A(A)(2)." [Docket #20]

15 9.   On October 18, 2018, the "Notice That Clerk Has Entered
16 Default Against Defendant(s) Under Local Bankruptcy Rule 7055-1(a)"
17 was issued.   [Docket #25]

18 10.  On November 1, 2018, Defendant, through the Aver Firm,
19 caused to be filed the "Motion To Set Aside Default And For Issuance
20 Of Order Of Discharge" ("Second Default Motion"). [Docket #28]

21 11.  On December 11, 2018, Defendant, through the Aver Firm,
22 caused to be filed the "Reply To 'Opposition Of Plaintiff To
23 Defendant's Motion To Set Aide Default And For Issuance Of Order Of
24 Discharge.'" [Docket #33]

25 12.  On January 18, 2019, the Court issued an "Order
26 Conditionally Granting Motion To Set Aside Default And For Issuance
27 Of Order Of Discharge" ("Default Order"). [Docket #40]  By the
28 Default Order provided that Defendant file a proposed Answer to the

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

Page 14

1  Complaint, a status conference be scheduled in the adversary
2  proceeding on February 26, 2019 ("First Status Conference") and that
3  the parties file a Joint Status Report within 10 days of the status
4  conference concerning the status of the State Court Action.

5      13.    On February 8, 2019, pursuant to the Default Order,
6  Defendant, through the Aver Firm, caused to be filed the
7  "Declaration Of Raymond H. Aver Re Compliance With The 'Order
8  Conditionally Granting Motion To Set Aside Default And For Issuance
9  Of Discharge'" evidencing payment from Haritunian to WFG's Counsel,
10 Hershorin & Henry, LLP ("H&H Firm") on January 7, 2019. [Docket #42]

11     14.    On February 15, 2019, Defendant, through the Aver Firm,
12 caused to be filed the "Answer To 'Complaint To Determine Non-
13 Dischargeability Of Debt (1) Based Upon Fraud Under 11 U.S.C. §
14 523(a)(2) Of The Bankruptcy Code" ("Answer"). [Docket #43] WFG and
15 Defendant (jointly, the "Parties") submitted the "Joint Status
16 Report" ("Status Report"). [Docket #44]

17     15.    On February 22, 2019, the Court issued an "Order
18 Continuing Status Hearing" ("Status Hearing Order"). [Docket #46]
19 The Status Hearing Order continued the First Status Conference from
20 February 26, 2019, to April 30, 2019.

21     16.    Since the First Status Conference and Status Hearing
22 Order, the Court has continued the First Status Conference and
23 subsequent status conferences because the State Court Action is
24 still pending.

25     17.    The Aver Firm has taken all reasonable steps to avoid
26 reasonably foreseeable prejudice to Haritunian's rights, including
27 having purposefully prosecuted to successful conclusion the First
28 Default Motion and Second Default Motion, and filing the Answer,

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

1  Status Report and subsequent status reports.

2      18.  Cause exists for the Aver Firm to withdraw because
3  Haritunian, by his conduct, has rendered it unreasonably difficult
4  for the Aver Firm to carry out the employment effectively.

5      19.  Although the Aver Firm cannot reveal – because of ethical
6  considerations – the details of Haritunian's conduct in this Court
7  filing, the Aver Firm would be willing to describe such details to
8  the Court in an in camera hearing.

9      20.  Cause also exists for the Aver Firm to withdraw because
10  Haritunian is unable to meet his financial obligations to the Aver
11  Firm and is not even able to reimburse the Aver Firm the $1,875.00
12  the court directed Haritunian to pay WFG's counsel, H&H Firm,
13  pursuant to the Default Order.

14      21.  On June 14, 2022, I prepared and sent an email Haritunian
15  informing him that a motion to withdraw would be filed unless an
16  agreement was reached regarding compensation for legal services.  A
17  true and correct copy of the email is attached as **Exhibit 1**,
18  appended hereto.  I did not receive an error message subsequent to
19  sending the email.  No response to the email has been received by
20  the Aver Firm or me.

21      22.  Haritunian has also failed to consult or inform the Aver
22  Firm of pertinent information regarding the State Court Action, and
23  there has been no communication between the Aver Firm or me and
24  Haritunian for more than year.

25      23.  As set forth in the "Joint Status Report" filed with the
26  Court on September 13, 2022 [Docket #114], WFG reports that
27  Defendant's answer in the State Court Action has been stricken, and
28  WFG is in the process of preparing a default judgment package.  The

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

1  Status Conference in the adversary proceeding has been continued to

2  December 6, 2022.  See, "Order Continuing Status Hearing" [Docket

3  #116]

4      24.  Due to matters covered by the attorney client privilege,

5  the relationship between Haritunian and the Aver Firm has suffered

6  an irreparable breakdown.

7

8      25.  I have personal knowledge of the facts stated herein,

9  except where stated on information and belief, and where so stated,

10 I am informed and believe that such facts are true and correct.  If

11 called and sworn as a witness, I could and would competently testify

12 to the above.

13     Executed this 4th day of October, 2022, at Los Angeles,

14 California.  I declare under penalty of perjury under the laws of

15 the United States of America that the foregoing is true and correct.

16

17                                     RAYMOND H. AVER

18

19

20

21

22

23

24

25

26

27

28

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*

Law Offices
of Raymond
H. Aver, APC

**EXHIBIT 1**

## Raymond H. Aver

| | |
|---|---|
| **From:** | Raymond H. Aver |
| **Sent:** | Tuesday, June 14, 2022 12:01 PM |
| **To:** | arahartunian@yahoo.com; araharitunian@yahoo.com |
| **Cc:** | Jesus Hinojosa |
| **Subject:** | FW: BK Adversary Action re Ara Haritunian - Please review attached Joint Status Report - Please return no later than noon tomorrow |
| **Attachments:** | Joint Status Report for Status Conference Hrg on June 28 2022.docx |
| **Importance:** | High |

Ara:

Attached is the proposed Joint Status Report prepared by the plaintiff's counsel.  Please let me know if you have any suggested additions/revisions.

Also, things have changed dramatically during the past  6 months.  Our Firm can no longer continue to represent you without getting paid and I realize you do not have the financial wherewithal to pay us for the services we have rendered.  We will therefore need to file a motion to withdraw as your counsel unless an agreement can be reached regarding payment.

*Raymond H. Aver*
*Attorney at Law*



# AVER
## LAW FIRM

10801 National Boulevard
Suite 100
Los Angeles, CA 90064

Tel: (310) 571-3511
email: ray@averlaw.com
Web: www.averlaw.com

*Certified Bankruptcy Specialist*
*State Bar of California, Board of Legal Specialization*

**From:** Katie Ellingsen <katie@hhlawgroup.com>
**Sent:** Monday, June 13, 2022 11:14 AM
**To:** Raymond H. Aver <ray@averlaw.com>; Jesus Hinojosa <jesus@averlaw.com>
**Cc:** Lori Hershorin <lorih@hhlawgroup.com>; Jean Wilcox <JeanW@hhlawgroup.com>; Kirsten Welch

&lt;kirstenw@hhlawgroup.com&gt;
**Subject:** BK Adversary Action re Ara Haritunian - Please review attached Joint Status Report - Please return no later than noon tomorrow
**Importance:** High

Mr. Aver:

For your review and comment, attached please find the Joint Status Conference Report.

Please return it back signed no later than tomorrow by noon, as we need to get it on file tomorrow as well.

Thank you for your anticipated cooperation.



HERSHORIN & HENRY, LLP
ATTORNEYS·AT·LAW

Katie T. Ellingsen
Senior Paralegal
Hershorin & Henry, LLP
26475 Rancho Parkway South
Lake Forest, California 92630
Direct: (949) 916-8104
Facsimile:   (949) 859-5680
www.hhlawgroup.com

1  **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in
2  Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed
   on the CM/ECF docket.

3  ### PROOF OF SERVICE OF DOCUMENT

4  I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address
   is: 10801 National Boulevard, Suite 100, Los Angeles, California 90064
5

6  The foregoing document described **"NOTICE OF MOTION AND MOTION OF LAW OFFICES OF RAYMOND
   H. AVER, A PROFESSIONAL CORPORATION, TO WITHDRAW AS BANKRUPTCY LITIGATION COUNSEL
7  FOR DEFENDANT ARA T. HARITUNIAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND
   DECLARATION OF RAYMOND H. AVER IN SUPPORT THEREOF"** will be served or was served (a) on the
8  judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

9  **I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
10 controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by
   the court via NEF and hyperlink to the document. On **October 4, 2022**, I checked the CM/ECF docket for this
11 bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic
   Mail Notice List to receive NEF transmission at the email address(es) indicated below:
12

13  __X__    Service information continued on attached page

14  **II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
    On __**October 4, 2022**__, I served the following person(s) and/or entity(ies) at the last known address(es) in this
15  bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the
    United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.
16  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24
    hours after the document is filed.*

17
18  __X__    Service information continued on attached page

19  **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each
    person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 24, 2022**, I served the
20  following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such
    service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a
    declaration that personal delivery on the judge will be completed no later than 24 hours after the document is
21  filed.*

22  Honorable Barry Russell
    Bin outside of Suite 1660
23  ___ Judge's Copy temporarily suspended by General Order 20-02
    ___ Service information continued on attached page
24
25
26  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
    correct.
27

28  | October 4, 2022 | Jesus Hinojosa | /s/ jesus hinojosa |
    | Date | Type Name | Signature |

*MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL*          Page 18

Law Offices
of Raymond
H. Aver, APC

1

2

## SERVICE LIST

3

**SERVED VIA NEF**

4

- Raymond H. Aver    ray@averlaw.com,

5   averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

6   - Jean C Wilcox    jeanw@hhlawgroup.com,
    katie@hhlawgroup.com;lorih@hhlawgroup.com;davidh@hhlawgroup.com;claudiam@hhlawgroup.com

7   - Timothy Yoo (TR)    tjytrustee@lnbyg.com, tjy@trustesolutions.net

8   **SERVED VIA US MAIL**

9
Ara Tatavous Haritunian
1484 Third Street Unit A
10  La Verne, CA 91750

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
of Raymond
H. Aver, APC